IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:10cr186-MHT |
| | ) | |
| THOMAS COKER | ) | |
| MILTON E. MCGREGOR | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court are Defendant Coker's Motion to Dismiss Count Ten (Doc. #426) and Defendant McGregor's Motion to Dismiss or Other Relief, of Counts Five and Ten (Doc. #451). The Government has filed a Response (Doc. #609) to the motions. For the reasons that follow, the undersigned RECOMMENDS that the Motions be DENIED as to their requests for dismissal.

**I.  DISCUSSION**

Coker alleges that Count Ten is duplicitous and McGregor alleges that both Counts Five and Ten are duplicitous. Both Defendants request that the court dismiss the duplicitous counts. The Government disagrees with defendants' assertions of duplicity, but also argues that any chance of duplicity can be cured through proper jury instructions.

"A count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses. A duplicitous count poses three dangers:(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty

determining the admissibility of evidence." *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997) (internal citations omitted).

Coker's concern is that Count Ten lumps the separate offenses in Counts Eleven and Twelve into the single count. Coker's Motion (Doc. #426) at 2. Likewise, McGregor makes the same argument but also asserts that Counts Six and Seven are duplicitous of Count Five. McGregor's Motion (Doc. #451) at 1-2. Coker and McGregor request dismissal, however they both admit that lesser remedies, such as striking part of the charges and/or requiring the Government to make an election as to which part of the charges to pursue, are reflected in the case law.

The Government defends the charges by essentially making an election and indicating which counts relate to which individual defendants. Further, the Government asserts that "the United States has confirmed on the record, [in its brief] and in Count One of the Indictment, that the pending charges relate specifically to the defendants' individual conduct." Resp. (Doc. #609) at 5.

As Defendants admit, dismissal of the charges would be an extraordinary remedy that runs counter to case law. In light of the representations made by the Government concerning which charges apply to which individuals and the district judge's ability to correct any duplicitous nature in the indictment through jury instructions (and/or other remedies), this court finds that dismissal is unwarranted.[1] *See United States v. Robinson*, 651 F.2d 1188,

---

[1] The undersigned makes no recommendation as to whether any other remedies are necessary or what they might be, because those decisions may impact the presentment of

1195 (6th Cir. 1981) (dismissal of a duplicitous indictment "is not the proper remedy").

## II.   CONCLUSION

For the reasons stated above, the Magistrate Judge RECOMMENDS that Defendant Coker's Motion to Dismiss Count Ten (Doc. #426) and Defendant McGregor's Motion to Dismiss or Other Relief, of Counts Five and Ten (Doc. #451) be DENIED as to their requests for dismissal.

Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **by April 18, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see also*

---

evidence at trial or instructions to the jury, and thus fall outside the undersigned's purview.  *See United State v. Place*, -- F. Supp. 2d --, 2010 WL 4449599 *1 (D. Mass. Nov. 5, 2010) ("When presented with duplicitous counts, the Court may decide whether to give a unanimity instruction to the jury or to require the government to elect a theory of prosecution.")  This recommendation simply addresses Defendants' request for dismissal.

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 4th of April, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE