IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| v.                         ) | CRIMINAL ACTION NO. |
| ) | 2:10cr186-MHT |
| MILTON E. McGREGOR,        ) | (WO) |
| RONALD E. GILLEY,          ) | |
| THOMAS E. COKER,           ) | |
| ROBERT B. GEDDIE, JR.,     ) | |
| LARRY P. MEANS,            ) | |
| JAMES E. PREUITT,          ) | |
| QUINTON T. ROSS, JR.,      ) | |
| HARRI ANNE H. SMITH,       ) | |
| JARRELL W. WALKER, JR.,    ) | |
| and JOSEPH R. CROSBY       ) | |

## OPINION AND ORDER

Two of the ten defendants who are going to trial in this case, Ronald E. Gilley and Thomas E. Coker, have filed motions to strike surplus language from the indictment against them.  For the reasons below the motions will be denied, albeit without prejudice.

I.

The 39-count indictment in this case charges that, as part of an effort "to promote the passage of

pro-gambling legislation that would be favorable to the business interests of individuals operating electronic bingo facilities," Indictment ¶ 19 (Doc. No. 3), the defendants committed a number of crimes. Gilley has been charged in 22 counts of the indictment and Coker charged in 14.

Count one charges both Gilley and Coker with conspiracy to commit federal-programs bribery, in violation of 18 U.S.C. §§ 371, 666(a)(1)(B) & (a)(2). Counts eight and ten charge both defendants with federal-programs bribery, in violation of 18 U.S.C. § 666(a)(2). Counts twenty-three through thirty-three charge both defendants with honest-services fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1346.

Gilley is also charged in counts two, four, five, and thirteen with federal-programs bribery, in violation of 18 U.S.C. § 666(a)(2). Counts thirty-four through thirty-seven charge Gilley with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

2

II.

As stated, Gilley and Coker ask that the court strike certain so-called surplusage from the indictment against them.

A. Fed. R. Crim. P. 7(d)

Rule 7(d) of the Federal Rules of Criminal Procedure provides that, "Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "A motion to strike surplusage from an indictment should not be granted unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. This is a most exacting standard." United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992) (internal quotations and citation omitted). Thus, to prevail on a motion to strike surplusage, a defendant must make two showings. First, the contested portions of the indictment must be irrelevant to the charged crimes. Id. Second, the defendant must also show that the

3

challenged language is unfairly prejudicial or inflammatory. Id. Of course, the two showings are not unrelated; whether evidence is unfairly prejudicial or inflammatory may depend on how relevant it is.

## B. Whether Relevant

Gilley and Coker challenge the indictment's use of the term "pro-gambling" numerous times to describe the legislation at issue in the case. However, it appears from the face of the indictment that the term is relevant to the government's allegations of an illegal conspiracy to promote legislation favorable to those with business interests in electronic bingo.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The indictment alleges that certain pieces of legislation were "pro-gambling" because they would have benefitted individuals with business interests in

gambling enterprises. This allegation is relevant because it provides a potential motive for defendants with financial interests in electronic bingo to conspire to pass the legislation. In other words, if the legislation would have favored certain defendants with business interests in gambling, it is "more probable," Fed. R. Evid. 401, that those defendants would have had a motive to join the alleged conspiracy. Of course, it must be remembered that characterizing the legislation as "pro-gambling" is merely an allegation; the government will still have to prove the allegation to the jury.

  C. Whether Prejudicial and Inflammatory

  Gilley and Coker also argue the "pro-gambling" references are prejudicial and inflammatory.

        1.

  In support of their argument, Gilley and Coker maintain that the references mischaracterize Senate Bill 380, which would have enabled Alabama voters to determine

5

whether electronic bingo should be legal statewide. Gilley and Coker assert that the indictment's language has the potential to mislead jurors into thinking the bill would have directly legalized electronic bingo without a voter referendum.

The court rejects Gilley and Coker's concern for two reasons. First, paragraphs 21 and 22 of the indictment describe Senate Bill 380 as follows:

> "21. In January 2010, at the commencement of the 2010 Alabama legislative session, various members of the Legislature introduced several pieces of legislation that, if enacted, would be favorable to the business interests of the operators of gambling enterprises, including MCGREGOR and GILLEY. This legislation primarily distilled to two measures: (1) proposed amendments to the Constitution of Alabama that would authorize the operation of electronic bingo gambling machines in Alabama, and (2) proposed general legislation that would preclude law enforcement officials from interfering with the operations of electronic bingo gambling establishments until a public referendum was held on the Constitutional Amendment.
>
> "22. Senate Bill 380 ("SB380"), which was introduced in the Alabama Senate on

>  or about February 4, 2010, like the "Sweet Home Alabama" legislation in 2009, proposed an amendment to the Alabama Constitution permitting the operation and taxation of electronic bingo in Alabama. MCGREGOR, GILLEY, and other operators of similar gambling enterprises supported SB380."

Indictment ¶¶ 21 and 22 (Doc. No. 3). Paragraph 21, therefore, plainly refers to a "public referendum" that would be held on any "proposed amendments to the Constitution of Alabama," id. ¶ 21, and paragraph 22 describes Senate Bill 380 as proposing precisely such an amendment to the Alabama Constitution. Id. ¶ 22  The likelihood of juror confusion from the indictment is minimal.

Second, it appears that the government will introduce evidence at trial explaining that Senate Bill 380 would have required a voter referendum to legalize electronic bingo.

**2.**

**Gilley and Coker also argue that the "pro-gambling" references are inflammatory and prejudicial because they "undoubtedly will play to prospective jurors['] personal and religious beliefs regarding gambling." Defendant Gilley's mot. to strike (Doc. No. 453) at 2; Defendant Coker's mot. to strike (Doc. No. 473) at 2. For those jurors who would allow their personal and religious beliefs regarding gambling to affect their decision-making in this case, it would not make a difference whether the legislation is described in the indictment as "pro-gambling," "gambling," or with some other modifier or no modifier at all, for gambling and the gambling businesses will be part of evidence regardless. The issue here is not the indictment but the jury. Gilley and Coker's concern should, therefore, be addressed not by striking the "pro-gambling" references or replacing them with other words, but rather by making sure that prospective jurors who would allow their**

8

decision-making to be affected by their personal and religious beliefs about gambling are not selected.

3.

Finally, Gilley and Coker argue that "the Government references other pieces of electronic bingo legislation in the Indictment other than [Senate Bill] 380, ... and lumping all pieces of legislation together as 'pro-gambling legislation' confuses the facts for the jury and for the preparation of [Gilley's and Coker's] defense[s]." Defendant Gilley's mot. to strike (Doc. No. 453) at 2; Defendant Coker's mot. to strike (Doc. No. 473) at 2. The court is confident that, after all the evidence has been presented and explained by this case's highly competent lawyers, including counsel for Gilley and Coker, the jury will be able to understand, without any confusion, the meaning of the "pro-gambling" references in the indictment.

***

For the above reasons, Gilley and Coker have failed to meet the exacting standard required to strike language from the indictment.  The court, however, recognizes that it has reached this conclusion without the first bit of actual evidence.  The court will therefore deny Gilley's and Coker's motions without prejudice and with leave to renew if the evidence at trial fails to support the relevance of the "pro-gambling" term in the indictment and if the use of the term should prove from the evidence at trial to be unfairly prejudicial and inflammatory to Gilley and Coker.  Cf. Awan, 966 F.2d at 1426 (a court may reserve ruling on a motion to strike surplusage until it has heard evidence regarding the allegedly surplus language at trial).

Accordingly, it is ORDERED that defendants Ronald E. Gilley's and Thomas E. Coker's motions to strike surplusage (doc. nos. 453 & 473) are denied without prejudice.

DONE, this the 11th day of April, 2011.

                                            /s/ Myron H. Thompson
                                       UNITED STATES DISTRICT JUDGE