IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:10cr186-MHT |
| | ) | (WO) |
| MILTON E. McGREGOR. | ) | |

## OPINION AND ORDER

Before the court is defendant Milton E. McGregor's objection to the magistrate judge's order denying McGregor's motion to quash the government's subpoena of his 2008 through 2010 tax returns.  The government issued a subpoena to obtain copies of certain tax records and financial documents from the certified public accountant that prepares McGregor's taxes.  McGregor filed a motion to quash the subpoena; the government filed a response; and the court referred the motion to a magistrate judge.  After holding a hearing, the magistrate judge issued an order denying McGregor's motion, and McGregor timely filed an objection to the order.

Based on an independent and de novo review of the record, including transcripts of the hearing before the magistrate judge, the court overrules McGregor's objection and affirms the magistrate judge's order, with the addition of the comments below.

In his order, the magistrate judge allowed the subpoena of McGregor's tax records on all three bases of relevance articulated by the government: (1) they would likely rebut defense counsel's inferences regarding McGregor's charitable donations; (2) they may demonstrate McGregor's intent in disclosing his payments to defendant Joseph Ray Crosby; and (3) they would show that McGregor's financial resources diminished between 2008 and 2010, and thus make clear his motive and need to influence the passage of pro-gambling legislation. In oral argument before this court, the government stated that it was no longer seeking the tax records on the basis of reasons (1) and (2), but only in order to demonstrate McGregor's motive, by showing that he was in

2

dire financial straits once his gaming enterprise was closed down.  The government has further limited its inquiry to the years 2009 and 2010 and has agreed to limit the information actually presented to the jury to four figures retrieved from the forms for the two years: the "adjusted gross income" reflected on McGregor's personal income tax form for each of the two years and the "ordinary business income" from his corporate form for each of the two years.

McGregor argues that the magistrate judge failed to take into account the privacy interests inherent in tax-return documents.  He also stated in oral argument that, even if these documents bear some relevance to his motive, they are unduly prejudicial, such that any relevance is substantially outweighed by that prejudice.  See Fed. R. Evid. 403.

The court agrees that tax-return documents contain personal and often sensitive information, such that their disclosure should not be taken lightly.  See, e.g.,

Commodity Futures Trading Com'n v. Collins, 997 F.2d 1230, 1233 (7th Cir. 1993) (stating that "Income tax returns are highly sensitive documents"); Natural Gas Pipeline Co. of America v. Energy Gathering, Inc., 2 F.3d 1397, 1411 (5th Cir. 1993) ("Income tax returns are highly sensitive documents; courts are reluctant to order their routine disclosure as a part of discovery."); Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975) ("Tax returns do not enjoy an absolute privilege from discovery.  Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns.") (internal citations omitted). However, no accountant-client privilege protects tax returns, Couch v. United States, 409 U.S. 322, 335 (1973), such that they should be admitted when their relevance is sufficiently demonstrated.

The court also agrees that the information in the tax documents regarding McGregor's wealth is prejudicial to him.  However, "in a criminal trial relevant evidence is inherently prejudicial." United States v. King, 713 F.2d 627, 631 (11th Cir. 1983).  The inquiry the court must undertake is not simply whether the proffered evidence is prejudicial, but whether "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403 (emphasis added); see also United States v. Fallen, 256 F.3d 1082, 1091 (11th Cir. 2001).  In addition, Rule 403 of the Federal Rules of Evidence is considered an "extraordinary remedy ... which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." Fallen, 256 F.3d at 1091 (internal quotation marks and citation omitted).  Here, the information the government seeks to present from McGregor's tax documents clearly supports the conclusion that the closing of his gaming facility resulted in a steep drop in McGregor's reported income

5

from 2009 to 2010. This loss of income could demonstrate McGregor's motive in trying to influence the passage of pro-gambling legislation and also could rebut the defense's inferences that he had no sense of urgency in doing so. The straightforward nature of the information also makes it perhaps the best way for the government to demonstrate McGregor's loss of wealth. See King, 713 F.2d at 631 (stating that "the more essential the evidence, the greater its probative value, and the less likely that a trial court should order the evidence excluded."). The court thus finds that this evidence is not being "dragged in by the heels solely for prejudicial impact." United States v. McNair, 605 F.3d 1152, 1206 (11th Cir. 2010) (internal quotation marks and citation omitted).

The court has been particularly sensitive to McGregor's argument that the presentation of the income information could introduce the possibility of juror bias against him because of his wealth. However, substantial

evidence that McGregor is, in general, quite wealthy is already before the jury.  Indeed, to rebut any potential bias from this evidence, the court has instructed the jurors several times in this trial, which is currently ongoing, that all persons are entitled to a fair and impartial trial regardless of income and that the rich, the poor, and the in-betweens all deserve the same impartial treatment.  What is not before the jury yet, and what the government seeks to show with the specific tax information, is that McGregor's income decreased substantially in 2010.

With the introduction of the income evidence, the court is willing to give the jury again (now or at the end of the trial or on both occasions) its instruction prohibiting bias based on wealth.  Moreover, the court would welcome a proposed new instruction from McGregor if he thinks the one already given is inadequate.

Therefore, while the court agrees that the information in the tax documents regarding McGregor's

7

wealth is sensitive and prejudicial, it finds that the information's relevance substantially outweighs that prejudice, such that the information is admissible. As is the case here, "there is often an overlap between highly relevant and highly 'prejudicial' evidence," United States v. Holt, 460 F.3d 934, 938 (7th Cir. 2006). In other words, sometimes the more relevant the evidence is the more overly prejudicial it is too; the prejudice is simply unavoidable. Indeed, the court tried to find a way to fashion this evidence in a manner to avoid significant prejudice, but was unable to do so.

***

Accordingly, it is ORDERED that defendant Milton E. McGregor's objection (Doc. No.1482) is overruled and that the magistrate judge's order (Doc. No. 1475) is affirmed as limited above.

DONE, this the 26th day of July, 2011.

　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE