IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:10cr186-MHT |
| MILTON E. McGREGOR, | ) | (WO) |
| THOMAS E. COKER, | ) | |
| LARRY P. MEANS, | ) | |
| JAMES E. PREUITT, | ) | |
| HARRI ANNE H. SMITH, and | ) | |
| JARRELL W. WALKER, JR. | ) | |


COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law
that you must follow and apply in deciding this case.
When I have finished you will go to the jury room and
begin your discussions--what we call your deliberations.


I.

It will be your duty to decide whether the government
has proved beyond a reasonable doubt the specific facts
necessary to find each defendant guilty of the crimes

charged in the indictment.  You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by public opinion or by either sympathy or prejudice, based on race, gender, or income or any other factor, for or against the defendants or the government.  Both the defendants and the government expect a fair trial at your hands and that you will carefully and impartially consider this case, without prejudice or sympathy.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt.  Therefore, though you have been provided with a copy of the indictment for reference, remember that it is simply the description of

2

the charges against the defendants.  Every defendant is presumed by the law to be innocent.  The law does not require a defendant to prove innocence or to produce any evidence at all; and if a defendant elects not to testify, you must not consider that in any way during your deliberations.  The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find that defendant not guilty.

When a defendant is charged with the commission of a public offense, the law says that he or she is presumed to be innocent of the offense.  A defendant enters this trial with a presumption of innocence in his or her favor, and it is a fact which is to be considered as evidence, and should not be disregarded.  And this presumption of innocence remains with a defendant during the trial until overthrown by evidence which convinces the jury of a defendant's guilt beyond a reasonable doubt.

3

A defendant is never to be convicted upon mere suspicion or conjecture.  So, if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit that defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

As stated earlier, you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers have said is not binding upon you.  In addition, it is an attorney's duty to object when the other side offers testimony or evidence that the attorney believes is not properly admissible.  You should not show prejudice against an attorney or his or her client because the attorney has made objections.

Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

Also, in certain instances, evidence may be admitted only for a particular purpose and not for all purposes. For the limited purpose for which such evidence has been received, you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose.

You will have the telephone calls and recorded in-person conversations admitted into evidence, as well as the transcripts of their contents with you in the jury room.  I have admitted the transcripts for the limited purpose of assisting you in understanding what is said in a call and who the speakers are.  You are reminded that the telephone calls and recordings of in-person conversations are the primary evidence and the transcripts are secondary.  To the extent you determine that a transcript is in any respect incomplete or unreliable, you should disregard it to that extent.  I therefore caution you that, should you review a

transcript, it should only be if you are also listening to the corresponding call or conversation.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not necessarily be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in

part.    Also,   the   number   of   witnesses   testifying concerning  any  particular  dispute  is  not  controlling. You may decide that the testimony of a smaller number of witnesses   concerning   any   fact   in   dispute   is   more believable  than  the  testimony  of  a  larger  number  of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you consider which side called the witness, as well as the demeanor and manner in which the witness  testified,  and  that  you  ask  yourself  a  few questions:   Did  the  witness  impress  you  as  one  who  was telling  the  truth?   Did  the  witness  have  any  particular reason  not  to  tell  the  truth?   Did  the  witness  have  a personal  interest  in  the  outcome  of  the  case?   Did  the witness seem to have a good memory?  Did the witness have the  opportunity  and  ability  to  observe  accurately  the things he or she testified about? Did the witness appear to  understand  the  questions  clearly  and  answer  them

directly?  Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

9

You should not give extra credence to a person's testimony just because of his or her status as a law enforcement officer. You must consider him or her as any other witness. Under the laws of the United States, witnesses, including law enforcement officers, are the same. Feelings of support for law enforcement officers, right or wrong, have no place under our system of justice.

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the government. Further, in this case, the government has made plea agreements with two testifying witnesses - Ronald Gilley and Jennifer Pouncy - in exchange for each witness's testimony. Such

"plea bargaining," as it's called, provides for the possibility of a lesser sentence than each of these individuals would normally face.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.  However, these witnesses may also have a reason to make a false statement in order to strike a good bargain with the government.  So, while these kinds of witnesses may be entirely truthful when testifying, you should consider their testimony with more caution than the testimony of other witnesses.  And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

You should remember that the mere fact of a violation of state law or employment rules and regulations is not sufficient for a conviction, and no defendant here is charged with violating state law or employment rules and regulations.

Additionally, evidence of a defendant's character traits may create a reasonable doubt.  You should

consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the government has proved beyond a reasonable doubt that the defendant committed the offense.

This case involves government, politics, campaigns, and campaign contributions.  It is very important for each of you to understand and follow this very important instruction: Your task is to apply the law, as I explain it to you, to the facts.

You must also not approach your deliberations with any concern about how other people or the news media might react to a particular verdict.  That must not matter to you at all.

Furthermore, you must not be motivated by a desire to change the system of politics or to set a standard of behavior for officials or for those who interact with them.  That is not the purpose of a trial such as this,

and those considerations must not be any part of your verdict.


## II.

The defendants in this case are Milton E. McGregor, Thomas E. Coker, Larry P. Means, James E. Preuitt, Harri Anne H. Smith, and Jarrell W. Walker, Jr.  The indictment charges 19 separate crimes, called "counts," against the defendants.  Each count has a number; they are Counts 1, 4, 5, 6, 8, 9, 14, 15, 23 through 27, and 33 through 38.

These 19 counts charge the defendants with one count of conspiracy and 18 counts of substantive offenses. Some of the defendants are charged in each count.  The court will address each of these counts separately.


<u>Count 1</u>
<u>Conspiracy</u>

Defendants McGregor, Coker, Preuitt, Means, Smith, and Walker are accused of conspiring to commit a federal crime, that is federal programs bribery as alleged and

13

explained in Counts 4, 5, 6, 8, 9, and 14.  It's a separate federal crime for anyone to conspire or agree with someone else to do something that would be another federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act.  In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The government must prove beyond a reasonable doubt that there was an agreement to commit the crime referred to as federal programs bribery, as alleged in paragraph 28 of the indictment, including subparts A or B.  In determining whether the government has proven such a conspiracy beyond a reasonable doubt, you will also have to apply the instructions I will give you in a few moments about the definition and elements of federal programs bribery, as they related to campaign contributions.

14

The government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.  Also, the government does not have to prove that all the members of the conspiracy joined the conspiracy at the same time.

The government does not have to prove that the members planned together all the details of the plan or the "overt acts" that would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself  followed by the commission of any overt act.  The government does not have to prove that the conspirators succeeded in carrying out the plan.

A defendant can be found guilty of this crime only if the government proves all the following facts beyond a reasonable doubt:

> <u>First</u>: two or more persons in some way
> agreed to try to accomplish a shared and
> unlawful plan as charged in Count 1 of
> the indictment;

<u>Second</u>: the defendant knew the unlawful purpose of the plan and willfully joined in it;

<u>Third</u>: during the conspiracy, one of the conspirators knowingly engaged in at least one overt act; and

<u>Fourth</u>: the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator knowingly commits to accomplish some object of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.  If the defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the defendant guilty.

16

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.  A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy charged in the indictment.

You must decide whether the single overall conspiracy charged existed between two or more conspirators.  If not, then you must find the defendants not guilty of that charge.

But if you decide that a single overall conspiracy charged in the indictment did exist, then you must decide who the conspirators were.  And if you decide that a particular defendant was a member of some other conspiracy - not the one charged - then you must find

17

that defendant not guilty.  So to find a defendant
guilty, you must all agree that the defendant was a
member of the conspiracy charged – not a member of some
other separate conspiracy.


## Counts 5 and 8
## Federal Programs Bribery
## Offering Campaign Contributions as Bribes

It is a federal crime for anyone to corruptly give,
offer, or agree to give anything of value to any person,
with the intent to influence or reward an agent of a
State or local government, or any agency thereof,
receiving significant benefits under a federal assistance
program, in connection with any business, transaction, or
series of transactions of such government or agency
involving any thing of value worth $5,000 or more.
McGregor is charged in Counts 5 and 8, Coker in Count 8,
and Walker in Count 8 with the commission and aiding and
abetting the commission of Federal Programs Bribery in
violation of 18 U.S.C. § 666(a)(2).

18

A defendant can be found guilty of this crime only if the government proves all the following facts beyond a reasonable doubt:

> <u>First</u>: during the one year period asserted in the indictment, the State of Alabama received benefits greater than $10,000 under a federal program involving some form of federal assistance;

> <u>Second</u>: during such one year period the defendant knowingly gave, offered, or agreed to give a thing of value to an agent of the State of Alabama, as charged;

> <u>Third</u>: by giving, offering, or agreeing to give a thing of value, the defendant intended to influence or reward an agent of the State in connection with any business, transaction, or series of transactions of the State of Alabama, which business, transaction, or series of transactions involved something of value of $5,000 or more;

> <u>Fourth</u>: in so doing the defendant acted corruptly; and

> <u>Fifth</u>: there was a quid pro quo.

As to the first element, the one-year period would be May 1, 2009 through April 30, 2010.

19

To act "corruptly" means to act voluntarily, deliberately, and dishonestly <u>either</u> to accomplish an unlawful end or result <u>or</u> to use an unlawful method or means to accomplish an otherwise lawful end or result.

A "thing of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering, or the person soliciting or accepting, considers to be worth something.

The term "agent" means a person authorized to act on behalf of the government, and as relevant to this case means any employee, officer, representative, or director of the State of Alabama.

For a defendant to be guilty under this statute, the government must prove that there was a quid pro quo. The term "quid pro quo" is Latin for "this for that," or "these for those." For all of the alleged bribes in these counts, the thing of value allegedly promised or exchanged took the form of a campaign contribution. Campaign contributions and fundraising are an important,

unavoidable and legitimate part of the American system of privately financed elections.    The law recognizes that campaign contributions may be given to an elected public official because the giver supports the acts done or to be done by the elected official.    The law thus also recognizes that legitimate, honest campaign contributions are given to reward public officials with whom the donor agrees, and in the generalized hope that the official will continue to take similar official actions in the future.

Lobbyists, as well as private individuals and other entities, often donate to the political campaigns of public officials and there is nothing illegal about this practice.    Official acts that advance the interests of a lobbyist's clients, taken shortly before or after campaign contributions are solicited or received from the lobbyist, can, depending on the circumstances, be perfectly legal and appropriate.

Therefore, the solicitation or acceptance by an elected official of a campaign contribution does not, in itself, constitute a federal crime, even though the donor has business pending before the official, and even if the contribution is made shortly before or after the official acts favorably to the donor.

However, when there is a quid pro quo <u>agreement</u>, orally or in writing, that is, a mutual understanding, between the donor and the elected official that a campaign contribution is conditioned on the performance of a <u>specific official action</u>, it constitutes a bribe under federal law. By this phrase, I mean that a generalized expectation of some future favorable action is not sufficient for a quid pro quo agreement; rather, the agreement must be one that the campaign contribution will be given in exchange for the official agreeing to take or forgo some specific action in order for the agreement to be criminal. A close-in-time relationship

**22**

between the donation and the act is not enough to establish an illegal agreement.

A promise of a campaign contribution or a solicitation of a campaign contribution may be an illegal quid pro quo, as well. But to be illegal (1) it must be a promise or solicitation conditioned on the performance of a specific official action as I explained that phrase in the preceding paragraph; (2) it must be explicit; and (3) it must be material. To be explicit, the promise or solicitation need not be in writing but must be clearly set forth. An explicit promise or solicitation can be inferred from both direct and circumstantial evidence, including the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence, as well as the rational or logical inferences that may be drawn from them.

Finally, the word material is a legal term, and it does not indicate whether something is tangible or intangible. Rather, it means that the promise or

solicitation is one that a reasonable person would view as having the capacity or natural tendency to influence a person's decision.   It does not matter whether the decision-maker actually accepted the promise or solicitation and acted accordingly.   Again, a close-in-time relationship between the donation and the act is not enough to establish an illegal promise or solicitation.

An "official action" includes any act within the range of official duty of an agent or official, and any decision, recommendation, or action.

<u>Counts 6, 9, and 14</u>
<u>Federal Programs Bribery</u>
<u>Accepting Campaign Contributions as Bribes</u>

It is a federal crime for anyone who is an agent of a State or local government, or agency thereof, receiving significant benefits under a federal assistance program, corruptly to solicit or demand, accept or agree to accept anything of value from any person, when the agent intends to be influenced or rewarded in connection with any business, transaction or series of transactions of such

24

government or agency involving any thing of value worth $5,000 or more.   Means is charged in Count 6, Preuitt in Count 9, and Smith in Count 14 with the commission of federal programs bribery in violation of 18 U.S.C. § 666(a)(1)(B).

For a defendant to be found guilty of an offense in one of these counts, the government must prove the following facts beyond a reasonable doubt:

> First: the defendant was an agent of the State of Alabama, as charged;
>
> Second: during the one-year period from May 1, 2009 to April 30, 2010, the State of Alabama received benefits greater than $10,000 under a federal program involving some form of federal assistance;
>
> Third: during such one-year period the defendant solicited or demanded a thing of value for the benefit of any person, or knowingly accepted or agreed to accept a thing of value from any person;
>
> Fourth: the defendant solicited or demanded for the benefit of any person, or accepted or agreed to accept the thing of value intending to be influenced or rewarded in connection with any business, transaction, or

series of transactions of the State of
Alabama, which transaction or series of
transactions involved something of value
of $5,000 or more;

**Fifth**: the defendant acted corruptly;
and

**Sixth**: there was a quid pro quo.

The terms "corruptly," "thing of value," "agent," and "quid pro quo" have the same definitions that I gave earlier.   And, again, because the things of value at issue in these counts took the form of campaign contributions, my explanations in Counts 5 and 8 of quid pro quo and when campaign contributions, agreements, promises and solicitations are and are not illegal apply here.

## Count 15
### Federal Programs Bribery
### Offering Bribes

McGregor is charged in Count 15 under the same statute governing Counts 5 and 8.   For McGregor to be found guilty, the government must establish beyond a

reasonable doubt all of the elements as the court explained them for those counts.

Count 15 charges McGregor with giving Crosby $ 3,000 a month for the alleged purpose of drafting gambling legislation favorable to McGregor. For this count, the government must prove that things of value were promised or exchanged for official action by an agent or official of the State of Alabama. In other words, the government must prove that there was a quid pro quo.

However, because the allegations in this count do not involve campaign contributions, my earlier explanations of quid pro quo do not apply. As to this count, the following definition applies.

Though bribery requires a promise or exchange of money or other thing of value for official action, a payment, or promise of a payment, need not be correlated with a specific official act. As to Count 15, the requirement that there be payment of a thing of value in return for the performance of an official act is satisfied

27

so long as the evidence shows a "course of conduct" of things of value flowing to an agent in exchange for a pattern of official actions favorable to the donor. Further, it is not necessary for the government to prove that the agent intended to perform a set number of official acts in return for the payments.  Thus, all that must be shown is that payments were made with the intent of securing a specific type of official action in return, such as securing the official's services on an "as-needed" basis.

An "official action" includes any act within the range of official duty of an agent or official, and any decision, recommendation, or action.

### Count 4
### Federal Programs Bribery
### Offering Bribes

Count 4 charges McGregor with promising Senator Scott Beason a non-campaign contribution of $ 1,000,000 a year in connection with his vote on Senate Bill 380.  This

count does not charge McGregor with promising a campaign contribution to Senator Beason. Therefore, Count 4 is governed by the same law that governs Count 15. For McGregor to be found guilty, the government must establish beyond a reasonable doubt both of the following:

> <u>First</u>: McGregor promised Senator Beason a non-campaign contribution. McGregor cannot be convicted of this count if the money was a campaign contribution; and

> <u>Second</u>: all of the elements as the court explained them for Count 15. The definition of a quid pro quo as outlined in Count 15 applies to Count 4.

## Counts 23 through 27 and 33
## Honest Services Mail and Wire Fraud

It is a federal crime to use the United States mail or a commercial interstate carrier, or interstate wire communications to carry out a scheme to fraudulently deprive someone else of a right to honest services. Counts 23 through 27 charge McGregor and Count 26 charges Smith with committing Honest Services Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 1346, and Aiding and

Abetting.  Count 33 charges Smith with committing Honest
Services Wire Fraud, in violation of 18 U.S.C. §§ 1343 and
1346.

To find a defendant guilty of honest services mail or
wire fraud, the government must prove all the following
facts beyond a reasonable doubt:

> <u>First</u>: the defendant knowingly devised
> or participated in a scheme to defraud
> the public of its right to the honest
> services of a public official through
> bribery, using false or fraudulent
> pretenses, representations, or promises;
>
> <u>Second</u>: the false or fraudulent
> pretenses, representations, or promises
> were about a material fact;
>
> <u>Third</u>: the defendant did so with an
> intent to defraud;
>
> <u>Fourth</u>: the defendant did either of the
> following: (1) used the United States
> Postal Service by mailing or causing to
> be mailed, or used a private or
> commercial interstate carrier by
> depositing or causing to be deposited
> with such carrier, something meant to
> help carry out the scheme to defraud
> through bribery; or (2) transmitted or
> caused to be transmitted by wire some
> communication in interstate commerce to

help carry out the scheme to defraud
through bribery; and

**Fifth**: there was a quid pro quo in the
scheme to defraud through bribery.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone using false or fraudulent pretenses, representations, or promises.  To find a defendant guilty of this offense, you must find that the defendant devised or participated in a plan or course of action involving bribes given or offered to a public official.

The government must prove that the scheme was substantially the same as the one charged in the indictment.  However, the government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It doesn't have to prove the material sent or transmitted was itself false or fraudulent; or that the use of the mail or interstate carrier, or wire transmission was intended as the specific or exclusive way to carry out the alleged fraud; or that

31

the defendant charged actually sent or transmitted the material.  And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

A statement or representation is "false" or "fraudulent" if it is about a material fact, it is made with intent to defraud, and the speaker either knows it is untrue or makes it with reckless indifference to the truth.  It may be false or fraudulent if it is made with the intent to defraud and is a half-truth or effectively conceals a material fact.

A "material fact" is an important fact that a reasonable person would use to decide whether or not to do something.  A fact is "material" if it has the capacity or natural tendency to influence a decision or action by the public or the government office or agency that employed the public official.  It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of depriving the public and government of their right to a public official's honest services.  The deceit may consist of the concealment of the things of value that the public official has solicited or received, or the public official's implicit false pretense to his governmental employer and the public that the public official remains loyal to their interest.

To "deprive someone else of the intangible right of honest services" is to violate, or to cause a public official to violate, a duty to provide honest services to an employer and the public.  Public officials owe a duty to the public to act in the public's interest.  If an official takes a bribe, as I have defined that term to you, the official defrauds the public of honest services, even if the public agency suffers no monetary loss.

The defendant need not be a public official: a private citizen, for instance, does not owe a duty of

33

honest services to the public, but can be found guilty of honest services fraud if the private citizen devises or participates in a bribery scheme intended to deprive the public of its right to a public official's honest services.

To "cause" the mail or an interstate carrier to be used, or to "cause" a wire communication to be transmitted is to do an act knowing that the use of the mail or an interstate carrier, or a wire transmission will follow in the ordinary course of business, or where that use or transmission is reasonably foreseeable.

To "transmit" a communication in interstate commerce means to send information across state lines by means of telephone or telegraph lines. It includes email and the electronic transfer of funds, as long as the communication or transmission of information is between States, including the District of Columbia.

A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers items

from one State to another.  It doesn't matter whether the message or item actually moves from one State to another as long as the message or item is delivered to the carrier.

The use of the mails or an interstate carrier, or wire transmission, need not be an essential element of the scheme.  Rather, it is sufficient if that use or transmission was incident to an essential part of the scheme or a step in the plot.

The item sent or transmitted may be anything, but it must further or assist in the carrying out of the scheme to defraud.  There is no requirement that the mailing or use of an interstate carrier, or wire transmission precede the fraud, so long as it was in furtherance of the success of the scheme.

Each separate use of the mail or an interstate carrier, or of wire communications that is a part of the scheme to defraud is a separate crime.

For a defendant to be found guilty of honest services fraud under these statutes, the government must also prove that there was an illegal quid pro quo.  For Counts 26 and 33, you should refer to my prior discussion in Counts 5 and 8 about campaign contributions and the government's burden to prove a quid pro quo.  By contrast, for Counts 23, 24, 25, and 27, the government must prove there was a quid pro quo as I defined it in Count 15.

Good faith is a complete defense to the honest services mail and wire fraud charges in the indictment since good faith on the part of a defendant is inconsistent with intent to defraud, which is an essential part of the charges.  The burden of proof is not on the defendant to prove good faith, of course, since the defendant has no burden to prove anything.  The government must prove specific intent to defraud beyond a reasonable doubt.

One who expresses an honestly held opinion, or an honestly formed belief, is not chargeable with fraudulent

intent even though the opinion is erroneous or the belief is mistaken; and, similarly, evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent.

## Counts 34 through 37
## Money Laundering

It is a federal crime to knowingly engage in certain kinds of financial transactions commonly known as money laundering. Smith is charged in Counts 34 through 37 with money laundering by concealing the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (2). The transactions alleged are four checks, each for $ 50,000, dated on March 24, 2010.

The defendant can be found guilty of this crime only if the government proves all the following facts beyond a reasonable doubt:

> **First**: the defendant knowingly conducted or tried to conduct financial transactions;

37

<u>Second</u>: the defendant knew that the money or property involved in the transactions were the proceeds of some kind of unlawful activity;

<u>Third</u>: the money or property did come from an unlawful activity, specifically money and other things of value given, offered, and agreed to be given to Alabama State legislators, including defendant Smith, with intent to influence and reward the recipients in connection with pro-gambling legislation, in addition to money and other things of value corruptly solicited, demanded, accepted, and agreed to be accepted by defendant Smith and other Alabama state legislators with the intent to influence and reward them in connection with pro-gambling legislation; and

<u>Fourth</u>: the defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds.

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" means a purchase, sale, loan, promise, gift, transfer, delivery, or other disposition of

money or property.    A transaction with a financial
institution also includes a deposit, withdrawal, transfer
between accounts, exchange of currency, loan, extension of
credit, use of a safe deposit box, or purchase or sale of
any stock, bond, certificate of deposit, or other monetary
instrument.

A "financial transaction" means a transaction that in
any way or to any degree affects interstate or foreign
commerce by involving one or more "monetary instruments."
The phrase "monetary instruments" includes coins or
currency of any country, travelers or personal checks,
bank checks or money orders, or investment securities or
negotiable instruments in a form that allows ownership to
transfer on delivery.

"Interstate or foreign commerce" means trade and
other business activity between people or businesses in at
least two States or between people or businesses in the
United States and people or businesses outside the United
States.

To know "that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that's a felony under state, federal, or foreign law. Here, Smith would have to know that the money at issue was the result of an illegal bribe as defined in Count 14.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

The phrase "specified unlawful activity" means Federal Programs Bribery in violation of 18 U.S.C. §§ 666(a)(2) and 666(a)(1)(B).

<u>Count 38</u>
<u>False Statement to a Federal Agency</u>

It is a federal crime to willfully make a false or fraudulent statement to a department or agency of the United States. Preuitt is charged in Count 38 with violating 18 U.S.C. § 1001(a)(2) by knowingly and

40

willfully making a false statement to law enforcement officers.

The defendant can be found guilty of this crime only if the government proves all the following facts beyond a reasonable doubt:

> <u>First</u>: the defendant made the statement as charged;
>
> <u>Second</u>: the statement was false;
>
> <u>Third</u>: the falsity concerned a material matter;
>
> <u>Fourth</u>: the defendant acted willfully, knowing that the statement was false; and
>
> <u>Fifth</u>: the false statement was made or used for a matter within the jurisdiction of a department or agency of the United States.

A statement is "false" if it is untrue when made and the person making it knows it is untrue. The government does not have to show that the governmental agency or department was, in fact, deceived or misled.

When government agents are conducting an investigation, a false "no" in response to a question is a false statement.

The making of a false statement is not a crime unless the falsity relates to a "material" fact.  A "material fact" is an important fact – not some unimportant or trivial detail – that has a natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.


III.

The guilt of a defendant in a criminal case may be proved without evidence that the defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

42

So, if the acts or conduct of an agent, employee, or other associate of the defendant are willfully directed or authorized by the defendant, or if the defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had personally engaged in such conduct.

However, before any defendant can be held criminally responsible for the conduct of others it is necessary that the defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the defendant was a willful participant and not merely a knowing spectator.

In some instances a defendant may be held responsible under the law for a substantive offense in which he or she had no direct or personal participation if the substantive offense was committed by other members of the conspiracy during the course of such conspiracy and in furtherance of its objects and if the defendant was a member of the conspiracy.  To do so, you must find, beyond a reasonable doubt that:

<u>First</u>: the substantive offense was committed by a conspirator during the existence of the conspiracy as charged in Count 1 and in furtherance of its objects;

<u>Second</u>: the defendant was a knowing and willful member of the conspiracy at the time of the commission of such offense; and

<u>Third</u>: the commission of the substantive offense by a co-conspirator was a reasonably foreseeable consequence of the conspiracy.

This does not mean that you may consider convicting any defendant on any count in which that defendant is not charged.

44

IV.

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Where the word "and" is used in the indictment to charge a defendant with different means by which the crime was committed, the government need only prove one of those means beyond a reasonable doubt to convict the defendant. To take a hypothetical example: suppose State Senator John Doe were charged with accepting a $ 5 million bribe.  The government need only prove beyond a reasonable doubt that Doe corruptly solicited or demanded or accepted or agreed to accept at least $ 5 million for his campaign from Jane Roe, intending to be influenced or rewarded in connection with an upcoming vote on pro-gambling legislation, even

45

though the indictment uses the word "and" instead of "or" in that count.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

The defendants here are being tried together because the government has charged that they acted together, but the case of each defendant should be considered separately and individually.  As to each defendant, each count

charged against that defendant and the evidence pertaining to it should be considered separately and individually. The fact that you may find one or more of the defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to the other defendants or any of the other counts.

V.

I caution you, members of the jury, that you are here to determine from the evidence in this case whether each defendant is guilty or not guilty.  Each defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a defendant is convicted, the matter of punishment is for the judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words,

47

to return a verdict you must all agree.  You must not engage in a compromise verdict, meaning an agreement to resolve doubts among yourselves by rendering a guilty verdict on some counts and a not-guilty verdict on other counts.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Verdict forms have been prepared for your convenience. You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the appropriate verdict forms, date and sign them, and then you will return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Marshal, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.