IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )</br>)</br>   v.                                             )</br>                                                    )</br>MILTON E. McGREGOR,              )</br>THOMAS E. COKER,                    )</br>LARRY P. MEANS,                        )</br>JAMES E. PREUITT,                     )</br>HARRI ANNE H. SMITH, and    )</br>JARRELL W. WALKER, JR.       ) | CRIMINAL ACTION NO.</br>    2:10cr186-MHT</br>           (WO) |

## OPINION AND ORDER

Defendant Milton E. McGregor moves to dismiss count 4 of the indictment based on certain claims made by the government during opening statements.* For the reasons that follow, the motion will be denied.

Count 4 of the indictment charges McGregor with promising $ 1 million to State Senator Scott Beason for use at his "discretion, which money would be provided to [Beason] as income from, or an equity interest in, a

---

   * Given the numerous opinions already issued in this case, the court assumes a certain familiarity with the facts. For a thorough discussion of this litigation, see <u>United States v. McGregor</u>, ___ F. Supp. 2d ___, 2011 WL 5025835 (M.D. Ala. Oct. 20, 2011).

public relations entity." Indictment (Doc. No. 3) at ¶ 196. A consistent point of contention between the parties, both at the first trial and at this retrial, is whether the bribery charged in count 4 took the form of campaign contributions. The distinction is salient because there is a heightened quid pro quo standard for bribes masquerading as campaign contributions. <u>McCormick v. United States</u>, 500 U.S. 257 (1991).

During opening statements, the prosecution listed several examples of alleged bribery: "You're going to hear that they told senators, we can give you a country music star to come and perform at a fund-raiser for your campaign for free. <u>We can steer public relations work to you as a way of putting money in your pocket. We can donate $ 1 million to your reelection campaign.</u> All we need is your vote." Feb. 9, 2012 Trial Transcript (Doc. No. 2313) at 1-65 (emphasis added). The prosecutor further commented that: "They offered $ 1 million in campaign cash for a single vote." <u>Id</u>. McGregor contends

2

that these remarks constitute an unlawful amendment to or a prejudicial material variance of the indictment.

The court disagrees with McGregor's reading of the government's opening statement.  The prosecutor mentioned both the public-relations job and a campaign-contribution bribe.  Count 4 charges that Beason could use the bribes at his discretion.  The indictment assumes only that the bribes would be funneled through a public-relations entity; Beason would then be free to use that money however he wished.

But, in any event, opening statements are not evidence. United States v. Smith, 918 F.2d 1551, 1562 (11th Cir. 1990).  Opening statements, therefore, cannot be as a basis for an unlawful amendment to or a prejudicial material variance of an indictment.  See United States v. Bornscheuer, 563 F.3d 1228, 1238 n.24 (11th Cir. 2009) (noting there is no support "for the proposition that an indictment must be narrowed to conform to the prosecutor's opening statement to the jury

at the commencement of a trial"); United States v. Gold, 743 F.2d 800, 813 (11th Cir. 1984) (explaining that a "variance exists where the evidence at trial proves facts different from those alleged in the indictment") (emphasis added).

        \* \* \*

Accordingly, it is ORDERED that defendant Milton E. McGregor's motion to dismiss count 4 of the indictment (Doc. No. 2278) is denied.

DONE, this the 29th day of February, 2012.

        /s/ Myron H. Thompson
       UNITED STATES DISTRICT JUDGE